UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>                              Plaintiff,<br><br>   v.<br><br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,<br><br>                              Defendant. | Case No. 21-cv-01262-BAS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(ECF No. 2)** |

      Plaintiff Debbie Baize filed this action on July 14, 2021 against the United States District Court, Southern District of California. (Compl., ECF No. 1.) Plaintiff also concurrently filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") and a Motion to Appoint Counsel. (ECF Nos. 2, 3.)

      Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed in forma pauperis should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

In Plaintiff's IFP Motion, she lists no other source of income or assets apart from $2141.00 in disability every month, which she receives on behalf of herself and her deceased spouse,[1] for a monthly total $4,282.00. (IFP Mot. ¶¶ 1–5.) She lists $1,300.00 in expenses for food, clothing, medical expenses, and transportation and has no dependents or outstanding debts. (*Id.* ¶¶ 6–8.) Thus, Plaintiff appears to retain a net income of $2,982.00

---

[1] In her concurrently filed Motion to Appoint Counsel (ECF No. 3), Plaintiff indicates that she is widowed.

a month, after expenses, which provides Plaintiff with sufficient funds to pay the costs of filing suit and provide herself with the necessities of life.

Because the Court concludes, from the information provided, that Plaintiff is able to pay the filing fee in this action, the Court **DENIES** Plaintiff's IFP Motion. Plaintiff must pay the filing fee in full by **July 30, 2021**. If Plaintiff fails to do so by this date, the Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: July 20, 2021**

Hon. Cynthia Bashant
United States District Judge

- 3 -

21cv1262