UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,<br><br>　　　　　　　　　Defendant. | Case No. 21-cv-01262-BAS-KSC<br><br>**ORDER DENYING WITH PREJUDICE PLAINTIFF'S AMENDED IFP APPLICATION** |

Plaintiff Debbie Baize filed this action on July 14, 2021 against the United States District Court, Southern District of California. (Compl., ECF No. 1.)[1] Plaintiff also concurrently filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") and a Motion to Appoint Counsel. (ECF Nos. 2, 3.) The Court denied the IFP Motion, finding that Plaintiff had the ability to pay the filing fee based on her income (her disability income of $2,141.00 and her deceased spouse's disability income of the same amount) and expenses. (ECF No. 4.) Plaintiff then filed an untitled document stating that her income

---

[1] Here, Plaintiff here states vaguely that her case relates to her seven-year sentence in state prison for a wrongful conviction. The Court notes that Plaintiff has previously raised claims in several cases stemming from her incarceration, which were dismissed with prejudice. *See Debbie Baize v. Lloyd Burton Austin*, Case No. 3:16-cv-01893-BAS-RBB (S.D. Cal. Aug. 3, 2016), Order Dismissing Action, ECF No. 4 (citing cases). In this latest decision, the Court also found Plaintiff's action was frivolous. *Id.*

from disability is not $2,141.00 but is instead $1,141.00, which the Court construes as an amended IFP application. (ECF No. 6.)

Even considering this lower amount, Plaintiff's disability income of $1,141.00, combined with her spouse's disability income of $2,141.00 (which Plaintiff has not corrected), still yields an income that sufficiently exceeds Plaintiff's expenses such that she can pay the filing fee in this action. This is true even where the Court assumes her spouse's disability income also totals only $1,141.00—although Plaintiff does not make this clarification.

Accordingly, because Plaintiff's amended financial information does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Court still finds that Plaintiff has the means to prepay the required filing fee without sacrifice to any other expenses. The Court therefore **DENIES WITH PREJUDICE** Plaintiff's amended IFP application. To proceed with this case, Plaintiff must pay the filing fee in full on or before **August 9, 2021**.

**IT IS SO ORDERED.**

**DATED: July 26, 2021**

Hon. Cynthia Bashant
United States District Judge