1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10
11     DEBBIE BAIZE,                        Case No. 21-cv-01262-BAS-KSC

                        Plaintiff,          **ORDER:**
12
       v.                                   **(1)  GRANTING PLAINTIFF'S**
13                                           **MOTION TO PROCEED *IN***
       UNITED STATES DISTRICT COURT,        ***FORMA PAUPERIS* (ECF No. 2);**
14     SOUTHERN DISTRICT OF
       CALIFORNIA,                          **AND**
15
                        Defendant.          **(2)  DISMISSING ACTION WITHOUT**
16                                           **PREJUDICE**
17

18         Before the Court is Plaintiff's second supplemental notice regarding her financial

19   information.  In light of the information in the notice, the Court **GRANTS** Plaintiff's

20   Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") (ECF No. 2) and

21   **DISMISSES WITHOUT PREJUDICE** the action.

22   **I.     IFP MOTION**

23         Plaintiff Debbie Baize filed this action on July 14, 2021 against the United States

24   District Court, Southern District of California.  (Compl., ECF No. 1.)  Plaintiff previously

25   filed an IFP Motion and a notice containing supplemental financial information.  (ECF

26   Nos. 2, 6.)  After finding that neither the Motion nor the notice established Plaintiff's

27   inability to pay the filing fee and requiring payment in full, the Court received another

28   notice from Plaintiff informing the Court that she is presently residing at a women's shelter

and is experiencing significant hardships due to the ongoing pandemic.  (ECF No. 9.)  In light of this new information, the Court **VACATES** its previous order requiring payment and **GRANTS** Plaintiff's Motion to Proceed IFP.

## II.    SCREENING

### A.    Standard of Review

Because Plaintiff is proceeding IFP, her Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  Under this statute, the Court must *sua sponte* dismiss a plaintiff's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Id.* at 1126–27 (9th Cir. 2000) (discussing 28 U.S.C. § 1915(e)(2)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Claims are "by definition" frivolous where there is "no merit to the underlying action[.]"  *Lopez*, 203 F.3d at 1127 n.8; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining an action as frivolous if "it lacks an arguable basis either in law or in fact").  Actions that "'merely repeat pending or previously litigated claims'" are considered frivolous under § 1915(e)(2)(B)(i).  *Thomas v. Richard J. Donovan Corr. Facility Warden*, No. 3:19-cv-02181-JAH-RBB, 2020 WL 364228, at *5 n.4 (S.D. Cal. Jan. 22, 2020) (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)); *see Martinez v. Bureau of Immigr. & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009) (unpublished) (finding no abuse of discretion where district court dismissed complaint as frivolous because it repeated previously litigated claims).

Further, under § 1915(e)(2)(B)(ii), a complaint fails to state a claim where it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks

21cv1262

omitted); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (standard under § 1915(e)(2)(B)(ii) is the same as Rule 12(b)(6)).  A complaint must provide a defendant fair notice of the plaintiff's claims and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and allege facts to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## B.     Discussion

Plaintiff's Complaint states only that she was wrongfully convicted and imprisoned in a state correctional facility for seven years, and that her civil rights were violated.  (ECF No. 1.)   She seeks as relief "monetary compensation" and to "clear [her] name of defamation and slander, etc." (*Id.*)  At minimum, Plaintiff's statement is precisely the type of "threadbare recital" or "unadorned, the defendant-unlawfully-harmed me accusation" that falls far short of stating a claim for relief. *Iqbal*, 556 U.S. at 678.  The Complaint does not contain facts describing how Plaintiff's rights were violated or even by whom, and thus cannot be said to give the defendant "fair notice of the nature of the claim" or the "grounds on which the claim rests." *Conley*, 335 U.S. at 47.

Second, it appears this action is duplicative of Plaintiff's previous litigation before this Court.  To assess "whether the second action is duplicative of the first," courts "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007).  Although Plaintiff previously sued an individual and here sues the Southern District of California, she appears to state claims similar to more specific allegations regarding her unlawful imprisonment which were previously dismissed with prejudice. (*See Debbie Baize v. Austin Burton Lloyd* ("*Baize I*"), No. 14-cv-02573-BAS (JMA) (S.D. Cal. Oct. 29, 2014), ECF No. 19; *Debbie Baize v. Austin Burton Lloyd* ("*Baize II*"), Case No. 3:16-cv-01893-BAS-RBB (S.D. Cal. Aug. 3, 2016), ECF No. 4.)  Moreover, in 2016, Plaintiff sought to "clear [her] name of all false allegations and charges" and to

obtain monetary compensation for her false imprisonment, which is similar to the relief alleged here.  (*Baize II*, ECF No. 1.)  In both actions, the Court dismissed the actions without leave to amend and with prejudice; in the 2016 case, the Court specifically found Plaintiff's action frivolous because it was repetitive of the 2014 action.   (*Baize II*, ECF No. 4.)

### III.   CONCLUSION AND ORDER

Accordingly, because Plaintiff's Complaint fails to state a claim for relief and appears to be duplicative of previous litigation, the Court **DISMISSES WITHOUT PREJUDICE** the action.  Because it is possible Plaintiff can add facts to sufficiently state claims for relief different than those alleged in her previous lawsuits, Plaintiff is granted leave to amend her pleading.  *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) ("[A] district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations[.]").  Plaintiff must file an amended complaint by **August 24, 2021**.  The Court cautions that if Plaintiff fails to file an amended complaint or request an extension of time on or before this date, this action will be dismissed with prejudice.

   **IT IS SO ORDERED.**


**DATED: August 3, 2021**

Hon. Cynthia Bashant
United States District Judge

- 4 -

21cv1262