1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

DEBBIE BAIZE,

Case No. 21-cv-01262-BAS-KSC

Plaintiff,

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

12

v.

13
14

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,

15
16

Defendant.

17

        In response to the Court's order dismissing the Complaint dated August 3, 2021

18

(ECF No. 10), Plaintiff has filed two documents regarding her claims in this case.  (ECF

19

Nos. 14, 16.)  The Court construes both documents as Plaintiff's First Amended Complaint

20

("FAC").  The Court also construes one of these documents (ECF No. 14) as a motion to

21

appoint counsel, compounding upon an earlier, pending motion to appoint counsel, which

22

Plaintiff filed on July 14, 2021 (ECF Nos. 3).  For the reasons stated below, the Court (1)

23

**DISMISSES WITHOUT PREJUDICE** this action (ECF Nos. 14, 16) and (2)

24

**TERMINATES AS MOOT** Plaintiff's motions to appoint counsel (ECF Nos. 3, 14).

25
26
27
28

21cv1262

## I.   LEGAL STANDARD

### A.   Section 1915(e) Pre-Answer Screening

Because Plaintiff is proceeding in forma pauperis ("IFP"),[1] her Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  Under this statute, the Court must *sua sponte* dismiss a plaintiff's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Id.* at 1126–27 (9th Cir. 2000) (discussing 28 U.S.C. § 1915(e)(2)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Claims are "by definition" frivolous where there is "no merit to the underlying action[.]"  *Lopez*, 203 F.3d at 1127 n.8; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining an action as frivolous if "it lacks an arguable basis either in law or in fact").  Actions that "'merely repeat pending or previously litigated claims'" are considered frivolous under § 1915(e)(2)(B)(i).  *Thomas v. Richard J. Donovan Corr. Facility Warden*, No. 3:19-cv-02181-JAH-RBB, 2020 WL 364228, at *5 n.4 (S.D. Cal. Jan. 22, 2020) (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)); *see Martinez v. Bureau of Immigr. & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009) (unpublished) (finding no abuse of discretion where district court dismissed complaint as frivolous because it repeated previously litigated claims).

Further, under § 1915(e)(2)(B)(ii), a complaint fails to state a claim where it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (standard under

---

[1] The Court granted Plaintiff's Motion to Proceed IFP on August 3, 2021.  (ECF No. 10.)

§ 1915(e)(2)(B)(ii) is the same as Rule 12(b)(6)).  A complaint must provide a defendant fair notice of the plaintiff's claims and the ground upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and allege facts to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition, duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are [also] subject to dismissal as either frivolous or malicious under 28 U.S.C. §1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the cause of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

## B.    Motion to Appoint Counsel

There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  While under 28 U.S.C. § 1915(e)(1) district courts have limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## II.    DISCUSSION

In her FAC, Plaintiff states that her rights were violated when she was "removed from [her] then[-]residence for no cause[,] no right[,] no warrant." (ECF No. 14 at 1.)  She also refers to "continued discrimination as a woman and for speaking more than one language" and due process violations due to "speaking [her] opinions." (*Id.* at 2.)  In her second document, Plaintiff alleges that she has suffered harm "in repeated attemp[t]s to

secure a favorable home" and has been subject to "unreasonable search and seizures[,] cruel and unusual punishment, losing a job or discrimination[, and] abuse by a public official." (ECF No. 16 at 1.)

Plaintiff's FAC again fails to state a claim for relief. The FAC includes a laundry list of violations without any accompanying factual statements explaining what gives rise to these infringements on Plaintiff's rights. Because the FAC contains no facts, the Court has no ability to determine whether Plaintiff states a plausible claim for relief. The Court does not know what actions the defendant took that allegedly subjected Plaintiff to discrimination, deprived her of "a favorable home," or violated her right to be free from unreasonable searches and seizures or cruel and unusual punishment. Further, Plaintiff does not specify how she was abused by a public official or even identified the public official in question. See *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (holding that a Complaint must "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

The substance of the FAC consists only of legal conclusions, which this Court cannot credit as true to determine whether Plaintiff has stated a claim for relief. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation[.]" (quotations omitted)). Because the FAC lacks sufficient factual matter to state a claim, it is subject to dismissal. *See Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (unpublished) (affirming dismissal because the complaint contained "a confusing array of vague and undeveloped allegations and does not allege sufficient facts . . . for any federal claim for relief").

In addition, Plaintiff names the United States District Court for the Southern District of California as the sole Defendant in what appears to be a civil rights action. Aside from Plaintiff's failure to explain how the Court is involved in the above-mentioned violations, the Court is not a proper defendant to this action. *See Jones v. Vandenberg*, 52 F. App'x

1     418 (9th Cir. 2002) (unpublished) (affirming district court's dismissal of civil right s action

2     "against the United States District Court and court officials because these defendants are

3     immune from liability"); *see also Reinhardt v. Beck*, No. 1:11-CV-01015-OWW, 2011 WL

4     2909872, at *2 (E.D. Cal. July 15, 2011) ("[T]he United States District Court is not a

5     'person' and is not a proper defendant under Section 1983."); *Hensley v. U.S. Dist. Ct. E.*

6     *Dist. of Cal.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *14 (E.D. Cal. Feb.

7     19, 2008) ("Plaintiffs cannot proceed against the United States District Court under the

8     Federal Tort Claims Act or in a *Bivens* action.").[2]

9          The Court also takes judicial notice of the fact that Plaintiff has pending in this

10    district at least one other action that appears raises essentially the same claims against the

11    same party named in this lawsuit. *See Baize v. United States, et al.*, 17-CV-01328-WQH-

12    KSC (S.D. Cal.) (ECF No. 1).

13          Because Plaintiff has failed to state a claim for relief, seeks to sue immune

14    defendants, and seeks to pursue a duplicative lawsuit, the Court finds dismissal appropriate

15    under U.S.C. § 1915(e)(2)(ii).  Consequently, dismissal of Plaintiff's FAC also terminates

16    as moot her motions for appointment of counsel.  *See, e.g.*, *Baize v. Austin,* No. 16-CV-

17    01893-BAS-RBB*,* 2016 WL 4127803, at *1 (S.D. Cal. Aug. 3, 2016) (terminating as moot

18    Plaintiff's motion for appointment as counsel where her operative complaint failed to state

19    a cognizable claim for relief); *Debbie Baize v. Austin Burton Lloyd*, No. 14-CV-02573-

20    BAS-JMA (S.D. Cal. July 26, 2017) (ECF No. 4) (same).

21 **III.**    **CONCLUSION AND ORDER**

22          For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the

23    action.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In addition, the Court **TERMINATES AS**

24    **MOOT** Plaintiff's motions to appoint counsel (ECF No. 3, 14) because the action is being

25

26          [2] As in a previous case filed by Plaintiff, the Court cannot determine from the FAC if Plaintiff

27    alleges that Defendant was acting under color of state law or federal law, or whether Plaintiff seeks to
avail herself of the Federal Tort Claims Act. *See Debbie Baize v. Austin Burton Lloyd*, No. 14-cv-02573-

28    BAS (JMA) (S.D. Cal. May 7, 2015) (ECF No. 12).  In any event, as cited, judicial immunity has been
found to protect the Court from suit in these cases.

dismissed. The Court will grant Plaintiff a final opportunity to correct the deficiencies in the FAC.  If she is able, she must file an amended complaint, titled "Second Amended Complaint," no later than **October 20, 2021**.  Failure to timely file an amended complaint that complies with this Order will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

**DATED: September 20, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**