# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,<br><br>                Defendant. | Case No. 21-cv-01262-BAS-KSC<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

      In response to the Court's September 20, 2021 order dismissing Plaintiff Debbie Baize's First Amended Complaint ("Second Dismissal Order") (ECF No. 17), Plaintiff has filed three documents regarding her claims in this case. (ECF Nos. 19, 20, 22.) The Court construes the first document (ECF No. 19) as a motion to appoint counsel, the third such motion Plaintiff has filed in this action. The Court construes the second document (ECF No. 20) and the third document (ECF No. 22) as a Second Amended Complaint and corrected Second Amended Complaint, respectively. The Court construes the third-filed document as the operative pleading. For the reasons set forth below, the Court (1) **DISMISSES WITH PREJUDICE** this action and (2) **TERMINATES AS MOOT** Plaintiff's motion to appoint counsel.

## I. LEGAL STANDARD

### A. Section 1915(d) Pre-Answer Screening

Because Plaintiff is proceeding *in forma pauperis* ("IFP"),[1] her SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all [IFP] complaints, not just those filed by prisoners."). Under this statute, the Court must *sua sponte* dismiss a plaintiff's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.* at 1126–27 (9th Cir. 2000) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Claims are "by definition" frivolous where there is "no merit to the underlying action[.]" *Lopez*, 203 F.3d at 1127 n.8; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining an action as frivolous if "it lacks an arguable basis either in law or in fact"). Actions that "'merely repeat pending or previously litigated claims'" are considered frivolous under § 1915(e)(2)(B)(i). *Thomas v. Richard J. Donovan Corr. Facility Warden*, No. 3:19-cv-02181-JAH-RBB, 2020 WL 364228, at *5 n.4 (S.D. Cal. Jan. 22, 2020) (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)); *see Martinez v. Bureau of Immigr. & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009) (unpublished) (finding no abuse of discretion where district court dismissed complaint as frivolous because it repeated previously litigated claims).

Further, under Section 1915(e)(2)(B)(ii), a complaint fails to state a claim where it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (standard under

---

[1] The Court granted Plaintiff's Motion to Proceed IFP on August 3, 2021. (ECF No. 10.)

§ 1915(e)(2)(B)(ii) is the same as Rule 12(b)(6)). A complaint must provide a defendant fair notice of the plaintiff's claims and the ground upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and allege facts to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition, duplicative lawsuits filed by a plaintiff proceeding IFP are [also] subject to dismissal as either frivolous or malicious under Section 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the cause of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

B.   **Motion to Appoint Counsel**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1) district courts have limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

II.   **DISCUSSION**

In her SAC, Plaintiff alleges that she was "[f]or seven years detained against [her] will by this Southern District of California unlawfully on false charges" in "violation of [her] constitutional [and] civil rights," including her rights to "liberty, freedom of speech, freedom of religion, freedom of press, [and] freedom of expression." (SAC 2–3.) She

alleges that she is "living claim [sic] proof" that her "civil/constitutional rights were violated." (*Id.* 3.)

Plaintiff's SAC fails to state a claim for relief for several reasons. First and foremost, as explained in the Court's Second Dismissal Order, the United States District Court for the Southern District of California "is not a proper defendant to this action." (Dismissal Order 4 (citing *Jones v. Vandenberg*, 52 F. App'x 418 (9th Cir. 2002) (unpublished) (affirming district court's dismissal of civil rights action "against the United States District Court and court officials because these defendants are immune from liability")); *see also Reinhardt v. Beck*, No. 1:11-CV-01015-OWW, 2011 WL 2909872, at *2 (E.D. Cal. July 15, 2011) ("[T]he United States District Court is not a 'person' and is not a proper defendant under Section 1983."); *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *14 (E.D. Cal. Feb. 19, 2008) ("Plaintiffs cannot proceed against the United States District Court under the Federal Tort Claims Act or in a *Bivens* action."). Simply put, judicial immunity has been found to protect the Court from suit in these cases. Yet, Plaintiff's SAC, like her FAC, names only the Court as Defendant. It does not name a single non-immune Defendant. For that reason alone, Plaintiff fails to state a cognizable claim.

Even if Plaintiff were permitted to proceed against Defendant, dismissal still would be warranted, for the SAC contains no factual statements that enable this Court to decipher how Defendant caused the constitutional violations of which she complains. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (holding that a complaint must "fully se[t] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). More fundamentally, the SAC contains no facts; it lists only legal conclusions, which this Court cannot credit as true to determine whether Plaintiff has stated a claim for relief. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation[.]" (quotations omitted)). Despite having had

three opportunities to do so, none of Plaintiff's pleadings provide a scintilla of factual background from which to infer she has a plausible claim for relief. Because the SAC lacks sufficient factual matter to state a claim, it is subject to dismissal. *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (unpublished) (affirming dismissal because the complaint contained "a confusing array of vague and undeveloped allegations and does not allege sufficient facts … for any federal claim for relief").

Finally, as noted in the Second Dismissal Order, "the Court takes judicial notice of the fact that Plaintiff has pending in this district at least one other action that appears to raise essentially the same claims against the same party named in this lawsuit." (Order 5 (citing *Baize v. United States, et al.*, 17-CV-01328-WQH-KSC (S.D. Cal.) (ECF No. 1)).) This Court has already observed that the actions appear substantially identical. (Dismissal Order 5.) The SAC proffers no facts to dissuade the Court of that conclusion or to enable it to probe the extent of the overlap.

Because this is the third pleading in which Plaintiff seeks to sue an immune defendant only, fails to state a claim for relief given the absence of any well-pleaded fact, and seeks to pursue duplicative lawsuits, the Court finds dismissal with prejudice appropriate under Section 1915(e)(2)(ii). *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]"); *Forman v. Davis*, 371 U.S. 178, 182 (1962) (holding "repeated failure to cure deficiencies by amendments previously allowed" favors dismissal with prejudice).

Consequently, dismissal of Plaintiff's SAC with prejudice and the resulting closure of this action terminate as moot Plaintiff's motion for appointment of counsel. (Dismissal Order 5 (citing *Baize v. Austin*, No. 16-CV-01893-BAS-RBB, 2016 WL 4127803, at *1 (S.D. Cal. Aug. 3, 2016)).)

//
//
//

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** the action and consequently **TERMINATES AS MOOT** Plaintiff's request for counsel (ECF No. 19). The clerk of court is directed to close this action.

**IT IS SO ORDERED.**

DATED: October 19, 2021

Hon. Cynthia Bashant
United States District Judge